**SO ORDERED.**

**SIGNED this 29 day of September, 2010.**

_____
**JAMES D. WALKER, JR.**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 10-10195-JDW |
| DENISE N. BACCHUS, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| ROBERT MOTHERSHEAD and KAREN | ) | ADVERSARY PROCEEDING |
| MOTHERSHEAD, | ) | NO. 10-1017 |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| DENISE N. BACCHUS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

For Plaintiff        Robert and Karen Mothershead, pro se
                     8330 East Arroyo Seco Road
                     Scottsdale, Arizona 85266

For Defendant        F. Anthony Blakey
                     Post Office Box 70879
                     Albany, Georgia 31708

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiffs' motion for summary judgment as to dischargeability of their debt. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

On September 15, 2008, Plaintiffs Robert and Karen Mothershead filed a civil case in the Superior Court of Maricopa County, Arizona, alleging libel per se, among other things, against Debtor Denise Bacchus, Hasan Garrett (Debtor's then-husband), and Self Made Men Women & Children (an organization formed by Debtor and Mr. Garrett). In the complaint, Plaintiffs alleged Mr. Garrett "caused to be published false allegations alleging to wit the Plaintiff Karen Mothershead committed two separate crimes," both of which involved theft. (Complaint, docket no. 1, attachment, p.3-4.) The complaint also alleged "all actions/inaction where [sic] undertaken on behalf of the marital community as well as in the names o [sic] The individual Defendants, and each should be held both individually and jointly for the wrongful acts ...." (Complaint, docket no. 1, attachment, p.2.) The defendants in the Arizona case filed an answer and a counter claim.

Plaintiffs filed a motion for summary judgment in the Arizona case solely on the issue of libel per se. None of the defendants, including Debtor, responded to the motion for summary judgment. The Arizona court entered a status conference ruling, "granting Plaintiffs' Motion for

Summary Judgment against Defendants for Libel, Per Se[.]" (Mot. Sum. J'mt, ex. 4, p.2.)  The ruling was entered on April 21, 2001.  On June 16, 2009, the Arizona court entered a separate order granting the motion for summary judgment, and awarding Plaintiffs damages of $200,000 plus after-accruing costs and interest.  It entered a third order on August 13, 2009 awarding Plaintiffs costs of $557.

Debtor filed a Chapter 7 petition on February 3, 2010.  On Schedule D for secured claims, she listed Plaintiffs as having a claim of $200,000 based on a judgment lien obtained in the Arizona court.  She also indicated the full amount of the claim was unsecured.

On May 25, 2010, Plaintiffs filed a complaint objecting to discharge under 11 U.S.C. § 727 and objecting to dischargeability of their debt under § 523.  The complaint alleges (1) Debtor and her former husband fraudulently obtained a grant $15,000 from the U.S. Department of Education, (2) Debtor's schedules contain false statements; (3) Debtor committed the intentional torts of libel and slander against Plaintiffs; and (4) Debtor unlawfully entered Plaintiffs' home and made threats of bodily harm.

Plaintiffs have filed a motion for summary judgment in this adversary proceeding on the ground that the Arizona judgment is res judicata as to the issue of dischargeability of Plaintiffs' claim.  After considering the material facts and relevant law, the Court will deny the motion.

## Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056.  Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

4

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); McCaleb v. A.O. Smith Corp., 200 F.3d 747, 750 (11th Cir. 2000). The Court views all evidence and reasonable factual inferences in the light most favorable to the nonmoving party. Burton v. Tampa Housing Auth., 271 F.3d 1274, 1277 (11th Cir. 2001).

Plaintiffs seek summary judgment on the ground that the Arizona case is res judicata as to their claim. The Arizona judgment related solely to libel per se. Therefore, the Court concludes the motion for summary judgment is limited to Plaintiffs' cause of action for nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6), which applies to debts arising from willful and malicious injury. Furthermore, the Court concludes Plaintiffs' motion is based on principles of collateral estoppel (issue preclusion) rather than res judicata (claim preclusion).

"Under res judicata ... a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." Kaiser Aerospace & Elec. Corp. v. Teledyne Ind., Inc. (In re Piper Aircraft), 244 F.3d 1289, 1296 (11th Cir. 2001). It serves to "prevent litigation of issues that never have been litigated, as well as those that have actually been litigated." Christopher Klein, Lawrence Ponoroff, & Sarah Borrey, Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr. L.J. 839, 841 (Issue 4, 2005). Nothing in the documents filed in this case indicates either party is attempting to re-litigate the libel cause of action. In addition, the question of dischargeability could not have been raised in the Arizona case because dischargeability is peculiar to bankruptcy law.

Collateral estoppel, on the other hand, is a more limited doctrine in that it "bars relitigation only of issues that have been actually litigated." Id.; see also Karl v. Stalnaker (In re

Stalnaker), 408 B.R. 440, 445 (Bankr. M.D. Ga. 2009) (Walker, J.).  Thus, if the Arizona judgment encompasses a finding that Debtor caused willful and malicious injury to Plaintiffs, collateral estoppel would bind this Court to that decision.

The Court must apply the collateral estoppel law of the forum of the prior proceeding. Stalnaker, 408 B.R. at 445; Klein, et al, Preclusion and Estoppel, 79 Am. Bankr. L.J. at 843 n.12 (citing 28 U.S.C. § 1738) ("[T]he Full Faith and Credit Statute requires that state preclusion law be applied when considering the preclusive effect of judgments of state courts.").  In this case, the Court must look to Arizona law, which sets forth five requirements for collateral estoppel: "the issue was actually litigated in the previous proceeding; there was a full and fair opportunity to litigate the issue; resolution of the issue was essential to the decision; there was a valid and final decision on the merits; and there is common identity of the parties."  Irby Constr. Co. v. Arizona Dept. of Rev., 907 P.2d 74, 76 (Ct. App. Ariz. 1995).

The identity element is satisfied because Plaintiffs were the plaintiffs in the Arizona case and Debtor was a defendant in the Arizona case.  In addition, the summary judgment represents a final decision on the merits.  See Food for Health Co., Inc. v. 3839 Joint Venture, 628 P.2d 986, 989 (Ct. App. Ariz. 1981) ("summary judgment has be held to furnish the basis for collateral estoppel...."); see also Klein, et al, Preclusion and Estoppel, 79 Am. Bankr. L.J. at 844-45 (a judgment is sufficiently final for purposes of issue preclusion if it was eligible for appeal).  The remaining three elements all depend in some way on whether or not the issues in the prior proceeding and the issues in the present proceeding are sufficiently identical.

Section 523(a)(6) prevents discharge of debts "for willful and malicious injury by the debtor to another entity or to the property of another entity."  Therefore, the issue to consider is

whether Debtor caused willful and malicious injury to Plaintiffs or their property. This consists of four components: an action by Debtor, willfulness, maliciousness, and an injury.

An injury is willful when the injury itself was intended or substantially certain to result. Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998); Hope v. Walker, 48 F.3d 1161, 1165 (11th Cir. 1995). It is malicious when it is "wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill will." Walker, 48 F.3d at 1164.

Under Arizona law, "libel is any malicious falsehood expressed by writing ... which tends to bring any person into disrepute, contempt or ridicule ...; or any malicious defamation expressed by writing ... which tends to impeach the honesty, integrity, virtue or reputation ... of one who is alive, and thereby to expose him to public hatred, contempt or ridicule." Berg v. Hohenstein, 479 P.2d 730, 731 (Ct. App. Ariz. 1971) (citations omitted). The writing is libelous per se if it meets the definition of libel on its face, "without the aid of any extrinsic matter." Id. at 732 (citations omitted). In Roscoe v. Schoolitz, the court found libel per se requires no "'proof of malice, falsity or damage'" because those elements are "'presumed from the nature of the language used.'" 464 P.2d 333, 335 (Ariz. 1970) (quoting Vojak v. Jenson, 161 N.W.2d 100, 104 (Iowa 1968)). In addition, under libel per se, damages are assumed to flow from the libel and need not be alleged. 479 P.2d at 731.

Arizona case law on libel is both sparse and dated. The Court was unable to locate any cases that addressed willfulness or intent to injure as a necessary element of libel. The Restatement of Torts, however, indicates that libel may arise from either willfulness or negligence. Rest. Torts 2d § 577(1) ("Publication of defamatory material is its communication intentionally or by a negligent act to one other than the person defamed."). In the prior

proceeding between the parties, the Arizona court did not indicate which standard applied in its decision. Because there is no evidence the summary judgment was based on willful publication rather than negligent, it is not sufficient to prove identity of issues for purposes of collateral estoppel. See Stalnaker, 408 B.R. at 447-48.

Even if the Court assumed the Arizona judge found the libel to be willful, it was not a willful act by Debtor. Plaintiff's libel complaint alleged Mr. Garrett, Debtor's ex-husband, committed the libel. It made no similar allegations about Debtor, nor did the Arizona judge state any findings that Debtor participated in the libel. Instead, it appears the court imputed Mr. Garrett's acts to Debtor based on the marital relationship. However, for purposes of § 523(a)(6), a spouse or other third party's actions cannot be imputed to the debtor absent evidence the debtor was personally involved in the act. Contini v. Cook (In re Cook), No. 07-31763, Adv. No. 07-50072, 2009 WL 2872864, at *5 (Bankr. N.D.N.Y. April 7, 2009); Columbia Farms Distrib., Inc. v. Maltais (In re Maltais), 202 B.R. 807, 811 (Bankr. D. Mass. 1996); see also Cheripka v. Republic Ins. Co. (In re Cheripka), 122 B.R. 33 (Bankr. W.D. Penn. 1990). This conclusion is supported by the plain language of § 523(a)(6), which provides for an exception to discharge if the creditor's injury was caused "by the debtor." Mailtais, 202 B.R. at 811. It is also supported by bankruptcy policy. "The imputation of acts of a third party to deny the dischargeability of a debt appears to this Court to be inconsistent with its twin mandates to provide a fresh start to the honest debtor and to do equity within the confines of the Bankruptcy Code." Id. at 812.

## Conclusion

To prevail on their motion for summary judgment, Plaintiffs must establish the five elements of collateral estoppel set forth in Arizona law, including elements related to identity of

issues. However, they have failed to show certain components of willful and malicious injury by Debtor were actually litigated in the prior proceeding. The libel per se judgment did not require a determination of willfulness or of participation by Debtor. Furthermore, nothing in the documents provided by Plaintiffs indicate the Arizona court made any actual findings as to willfulness or the role of Debtor in the libel. Because Plaintiffs have failed to prove the applicability of collateral estoppel to this adversary proceeding, the Court will deny their motion for summary judgment.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT